

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,147-01

### EX PARTE JASON LEE MOJICA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20-10-12711 IN THE 221ST DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*. KELLER, P.J., and YEARY and SLAUGHTER, JJ., dissented.

## O R D E R

Applicant pleaded guilty to assault on a family member by strangulation and was sentenced to ten years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective for advising him to plead guilty when the complainant had signed an affidavit of non-prosecution. The trial court made findings of fact and recommends that the Court deny relief. However, these findings were made without the benefit of an affidavit from trial counsel or a copy of the complainant's affidavit of non-prosecution.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985). In these circumstances, additional facts are needed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall supplement the record with a copy of the complainant's affidavit of non-prosecution. The trial court shall then make supplemental findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make specific findings as to (1) whether trial counsel informed Applicant prior to his guilty plea that the complainant in this cause had signed an affidavit of non-prosecution, and (2) how such an affidavit affected the advice he gave Applicant with respect to whether Applicant should plead guilty or go to trial on the charges. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts

from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 2, 2022
Do not publish